
**FILED**
**FEBRUARY 5, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM BARRON ALLISON, PRO SE, § | | |
| also known as § | | |
| WILLIAM B. ALLISON, § | | |
| TDCJ-CID No. 1237625, § | | |
| Previous TDCJ-CID No. 354367, § | | |
| Previous TDCJ-CID No. 1128320, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0149 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Warden J. NUNN, § | | |
| Warden GLENN WHITFIELD, § | | |
| Captain J. DANIELS, and § | | |
| MARY ANN LAMB, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

The instant cause was originally filed in the United States District Court for the Southern District of Texas, Houston Division, and was transferred to the United States District Court for the Northern District of Texas, Amarillo Division, on August 8, 2008.

Plaintiff WILLIAM BARRON ALLISON, proceeding *pro se* and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

By his Statement of Facts in his original complaint, plaintiff claims as follows:

"[t]he Wardens nor director of T.D.C.J. have protected African American or Hispanis [sic] Inmates From Racial discrimination on this state Facility, which is predominantly Caucasian, all Caucasian officer's and staff except 5 Hispanic Officers, Minority Inmates are discriminated against by the disciplinary office

and subjected to Severe Punishment, Not afforded "Equal;-Protections" as Caucasian offenders. Minority are retaliated upon by being written bogus case and excessive use of force, and this is upheld by te Unit Wardens, a large sum of the Administration is related, creating Nepotism, in which retaliated is an adverse side effect. African American and Hispanics are subjects of Cruel and unusual Punishment and not Treated Equal as Caucasian offenders. Capt. J. Daniels is biased hearing, and unfairness is racially motivated.

As relief, plaintiff requests the discharge of a TDCJ employee and relief from unfair labor practices, the use of excessive force, discrimination, and retaliation. He also requests punitive and compensatory damages for mental anguish, pain and suffering in the amount of $200,000.00.

On January 8, 2009, the Court issued an Order to Show Cause giving plaintiff until January 27, 2009 in which to show cause why the instant case should not be dismissed for failure to state a claim. The Court noted that plaintiff had "utterly failed to provide a statement of facts showing plaintiff has suffered any personal harm of any sort[,] presenting, instead, only "vague, global allegations, none of which concern an incident involving plaintiff."

On January 22, 2009, plaintiff filed his response, arguing "[t]he allegations may seem global, but all the evidence, affidavits and Exhibits, is proof what is happening to plaintiffs and all other African American Inmates. All of the documentary evidence before the Court should not be overlooked." Plaintiff prayed this case be allowed to proceed to correct the alleged injustices.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Court "must insist that a plaintiff suing a public official under section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (*en banc*). Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim" providing the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P.8.

Plaintiff's complaint is wholly inadequate and fails to provide anything more than vague and conclusory allegations of racism. To the extent plaintiff thinks the Court should sift through

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

his several submissions of attachments to guess which practices by which defendants plaintiff may be challenging and to isolate those conditions for which plaintiff might be able to assert a claim, the Court declines to do so.

The Court cannot act as plaintiff's attorney and construct his claims for him. As a pro se litigant, plaintiff has assumed that role for himself. Plaintiff is the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim. *Davis v. Scott*, 157 F.3d 1003, 1005-1006 (5th Cir. 1998).

Plaintiff appears to confuse a list of generalized complaints with a legal complaint, that is, a document, in relevant part, clearly and concisely setting forth his claim or entitlement to relief from the person(s) or entity(ies) sued and stating the relief requested. Rule 8, F.R.C.P. Further, in the context of actions arising under Title 42, United States Code, section 1983, a plaintiff is required to state specific facts rather than conclusory allegations in his complaint. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985), as amended.

Thus, plaintiff's statement of his claims fails to comply with Rule 8, Federal Rules of Civil Procedure, *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), and fails to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff WILLIAM BARRON ALLISON filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8.

If plaintiff wishes to cure the pleading defects set forth above and bring his complaint into compliance with Federal Rule of Civil Procedure 8, plaintiff may file his Amended Complaint within the response period for objections set forth below.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of February 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).